JOHN H. HECKMAN, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Assessment—no action or suit to vacate it will lie in New York*—1858, *ch.* 338 —1874, *ch.* 312.

Since the passage of section 2 of chapter 312 of 1874, no suit or action, in the nature of a bill in equity or otherwise, can be brought for the vacation of

an assessment; the remedy of a party aggrieved by an illegal assessment is an application under chapter 338 of 1858, as amended by the act of 1874.

APPEAL from a judgment in favor of the defendant, entered upon an order sustaining a demurrer to the complaint.

The plaintiff alleged that he was the owner of a lot on the northwest corner of Avenue A and Seventy-seventh street, which was known as lot No. 22, in block 104, on the map of the city, and was assessed $525.86, for regulating, &c., Seventy-seventh street from First avenue to the East River, under an ordinance of the common council, passed December 24, 1868, confirmed by the board of revision and correction of assessments, December 29, 1876, and which assessment has since been entered in the office of the clerk of arrears, and constitutes a lien on his said lot. He alleged that the assessment was illegal and void in this respect, that the assessors were required by law to assess all the property intended to be benefited by the improvement. That they did not do so, but omitted from the assessment a space of ground one hundred feet wide on each side of Seventy-seventh street, between First avenue and the East River, and in front of which work was done.

*George C. Genet,* for the appellant.

*David J. Dean,* for the respondent.

BRADY, J. :

The object of this action was to remove a cloud upon the plaintiff's title, created by an illegal assessment. The defendant's demurrer was sustained upon the ground that the court had no jurisdiction to grant the relief demanded, in consequence of the provision of the act of 1874, contained in section 2 of that act. (See Laws, ch. 312.) The opinion of Justice VAN BRUNT, filed at the time the demurrer was decided, contains a succinct statement of the law by which this appeal is to be governed. The act (*supra*) having declared that no suit or action, in nature of a bill in equity or otherwise, shall be commenced for the vacation of any assessment in this city, or to remove a cloud upon the title, and that the owners of property should thereafter be confined in such cases to pro-

ceedings initiated by the act chapter 338 of 1858, as suggested by the learned judge presiding at the Special Term; the plaintiff was confined to his application for relief under the act of 1858, and the amendments thereto. The legislature had a right to determine the form in which his remedy should be sought and accomplished. (*Lennon* v. *Mayor*, 55 N. Y., 361.)

The plaintiff seems to regard it as settled by the court of last resort, that in a case like this he would have no relief under the provisions of the act of 1858, just mentioned. No case has been discovered sustaining this view. The act of 1874, chapter 312, being an amendment of the act of 1858 (*supra*), includes a substantial error (*Matter of New York Protestant Episcopal Public School*, Court of Appeals, MSS. Op.), and the cause of action set out, assuming the facts stated to be true, rests necessarily upon a substantial error committed by the assessor in levying the assessment.

We think, therefore, that the judgment appealed from must be affirmed, with costs.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.